UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| ALEXANDER ELTMAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  -v-<br><br>COLUMBIA/HCA HEALTHCARE CORPORATION, INC.,<br><br>    Defendant. | 00-6124<br>CIV-ZLOCH<br><br>MAGISTRATE JUDGE<br>SELTZER |

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff, Alexander Eltman, as and for his complaint, alleges the following upon personal knowledge as to himself and his own acts, and upon the investigation of counsel as to all other matters, which included, among other things, interviews with factual sources and a review of relevant documents and public filings.

### JURISDICTION AND VENUE

1. The claims herein arise under the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 201 et seq.

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Many of the violations complained of occurred in substantial part in this District, including the employment of volunteers in violation of the FLSA, as described more fully



below. In addition, defendant maintains several for-profit hospitals in this District from which it derives substantial income.

## PARTIES

4. Plaintiff Alexander Eltman resides in New York City and maintains a home in Florida and this District. As described more fully below, plaintiff was a volunteer worker at defendant's University Hospital and Medical Center located at 7201 North University Drive, Tamarac, Florida during the period January to February 1999.

5. Plaintiff consents to the filing of this action and hereby seeks relief under the FLSA, 29 U.S.C. § 216(b). (A copy of plaintiff's consent to sue is attached as Exhibit "A"). Thousands of similarly situated persons would join this action if given proper notice and reasonable opportunity to participate.

6. Defendant Columbia/HCA Healthcare Corporation ("Columbia" or the "Company") is a Delaware Corporation and is headquartered in Nashville, Tennessee. Columbia is a public corporation whose shares are actively traded on the New York Stock Exchange. Columbia owns and operates numerous for-profit hospitals throughout this District and other districts in Florida, as well as in numerous other states throughout the country. Columbia is a commercial enterprise and engages in substantial competition throughout the United States with numerous other healthcare corporations that, like Columbia, operate and manage hospitals on a for-profit basis. At all relevant times, Columbia has been engaged in interstate commerce.

## PLAINTIFF'S COLLECTIVE ACTION ALLEGATIONS

7.  Plaintiff brings this claim as a collective action pursuant to 29 U.S.C. § 216(b).  The FLSA collective action is brought on behalf of the plaintiff and all similarly situated persons who worked as hospital volunteers at any of Columbia's hospitals in the United States from January 26, 1997 to the present and who were not paid a minimum wage (and any overtime wages) for such labor (the "Relevant Period").  Excluded from inclusion herein are Columbia, the officers and directors of Columbia, members of the immediate families of such officers and directors and subsidiaries and affiliates of Columbia and their officers and directors.  For purposes of all applicable statutes of limitation, all violations alleged herein are continuing violations and subject to equitable tolling.

8.  During the Relevant Period, Columbia operated and owned as many as 300 for-profit hospitals throughout the United States.  Although the exact number of potential FLSA collective action members is not known, upon information and belief, Columbia employed thousands of volunteer workers at these hospitals throughout the Relevant period.

9.  Plaintiff's injuries arise from a set of facts and circumstances common to all FLSA collective action members whom plaintiff seeks to represent, and common questions of law and fact predominate among plaintiff and other collective action members, including:

(a)  Whether the Fair Labor Standards Act was violated by defendant's acts as alleged herein;

      (b)  Whether individuals who worked as volunteers at Columbia-owned hospitals performed labor for which they must be compensated under the Fair Labor Standards Act;

      (c)  Whether the similarly situated individuals have suffered damages and, if so, the proper measure of damages.

      10.  Plaintiff's claims are typical of every other collective action member. Plaintiff has selected counsel experienced in class and complex litigation and will fairly and adequately protect the interests of the other members of the collective action. Plaintiff has no interests antagonistic to those of other collective action members.

      11.  This action is properly maintained as an FLSA collective action because: (a) the members of the collective action are similarly situated; (b) the prosecution of separate actions by individual members of the collective action would create a risk of adjudications that as a practical matter would be dispositive of the interests of the other collective action members or would substantially impair or impede their ability to protect their interests; or (c) defendants have acted and continue to act on grounds generally applicable to the members of the collective action, making all relief to these individuals appropriate.

      12.  A collective action is superior to other methods for fair and efficient adjudication of this controversy.  The expense and burden of litigation makes it impractical for most members to seek individual, non-representative redress for the wrongful conduct alleged.

13. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a collective action.

## BACKGROUND

14. The Fair Labor Standards Act ("FLSA" or "Act") was enacted in 1938 to protect employees engaged in commerce or in the production of goods for commerce against oppressive labor conditions. The FLSA requires employers to pay employees minimum wages as well as overtime compensation for labor performed above a maximum number of hours per week. A primary consideration is whether an individual qualifies as an "employee" under the FLSA. Congress intended to define "employee" so broadly as to include all employees not specifically excluded under the Act.

15. "Volunteers", as defined by 29 U.S.C. § 203(e)(4)(A), are excluded from coverage under the FLSA. The Act defines a volunteer, however, as an individual who:

> ***volunteers to perform services for a public agency which is a state, a political subdivision of a state, or an interstate governmental agency,*** if (i) the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered; and (ii) such services are not the same type of services which the individual is employed to perform for such **public agency**.

29 U.S.C. § 203(e)(4)(A)(emphasis added).

16. The implementing regulations of the FLSA further define a "volunteer." The pertinent regulations state that "an individual who performs hours of service for **a public agency** for

5

civic, charitable or humanitarian reasons, without promise, expectation or receipt of compensation for services rendered, is considered to be a volunteer during such hours." 29 C.F.R. § 553.101(a)(emphasis added). The regulations further state that "Congress did not intend to discourage or impede voluntary activities undertaken for civic, charitable, or humanitarian purposes, but expressed its wish to prevent any manipulation or abuse of minimum wage or overtime requirements through coercion or undue pressure upon individuals to `volunteer' their services." 29 C.F.R. § 553.101(b). The regulations state that individuals who are not employed in any capacity by state or local government agencies have no limitations or restrictions on the type of services which these individuals may volunteer to perform for **public agencies**. 29 C.F.R. § 553.104.

17. As stated above, Columbia is a for-profit public corporation owned by public shareholders. Columbia thus is not a "public agency" in any sense within the meaning of the FLSA or the federal regulations promulgated thereunder (29 C.F.R. § 555.101(a)).

18. Moreover, the FLSA provides no exemption for religious, charitable or eleemosynary organizations that are engaged in interstate commerce and that compete with other for-profit businesses. The FLSA likewise provides no exemption for private, for-profit organizations, such as Columbia.

## SUBSTANTIVE ALLEGATIONS

19. In or about February 1999, plaintiff Alexander

Eltman volunteered to perform labor at Columbia-owned University Hospital and Medical Center ("University Hospital"), 7201 North University Drive, Tamarac, Florida. Eltman's sole purpose was to provide aid and comfort to sick and recovering patients at the hospital. Eltman believed that such aid and comfort would include reading to patients, engaging them in conversation, and offering them solace and companionship.

20. At all times relevant hereto, University Hospital has employed approximately 150 volunteers. At any given time, there are approximately 50 volunteers working four, five or six hour shifts. Approximately 10% of University Hospital's staff consists of these volunteers.

21. When he began his volunteer work, Eltman was given a brief orientation by University Hospital personnel and received some literature describing the hospital's volunteer program. In or about February 1999, Eltman was assigned by University Hospital to work in the hospital's admitting room. Eltman worked every Wednesday for approximately 4 hours at University Hospital. Eltman greeted patients in the admitting room and took their insurance and prescription drug cards. Eltman would photocopy patients' insurance and prescription drug cards and then deliver the copies to the front desk where a paid hospital employee would pick them up. Eltman also escorted patients to various departments where medical procedures would be performed. If the patient was unable to walk, Eltman would wheel the patient in a wheelchair. Eltman continued as a volunteer at University Hospital until May 1999.

22. Other volunteers at University Hospital performed a variety of tasks. The director of volunteer services at University Hospital, Anne Ortolino, explained to Eltman that volunteers were placed wherever there was a shortage of labor. University Hospital volunteers could perform any task that did not involve the care of a patient. The work is limited to unskilled labor. For example, many volunteers at University Hospital worked in the gift shop selling gift items and candy to visitors.

23. Little, if any, of Eltman's volunteer labor was devoted to patient aid or comfort. Instead, his volunteer work was directed to the performance of routine manual labor which, but for the services of Eltman and numerous other hospital volunteers, Columbia would have had to pay wages.

24. A publication that Eltman received from University Hospital, entitled "A Handbook for Hospital Volunteers," confirmed that volunteers would not be used in any meaningful way to provide aid and comfort to patients, but instead would perform manual labor for which unskilled wage-earning laborers would otherwise need to be committed by Columbia. The handbook states on page 3 that:

> Volunteers may be given assignments
> in any of the following areas:
>
> Nursing units
> Laboratory
> Imaging Services
> Rehabilitation Services
> Business Office
> Emergency Department
> Health Information Management
> Pharmacy

8

>       Food and Nutrition Services
>       Patient Case Management
>       Gift Shop
>       Information Desk
>
>       Additionally, volunteers are needed
>       for the following duties:
>
>       Assembling patient charts
>
>       Operating a cart which distributes
>       daily newspapers to patients
>
>       Handling distribution and
>       collection of menus and assisting
>       patients to fill them out.
>       Staffing the surgical waiting room,
>       keeping families informed of their
>       loved one's condition.

25. Columbia uses volunteer workers at several other of its Florida hospitals to perform work that does nothing to render comfort to patients, but instead is labor for which Columbia would otherwise have to pay wages to an employee. The volunteers typically work 4-hour shifts, must wear a uniform, and are given free meals during the shift worked.

26. For example, at the following Columbia-owned hospitals in this District, volunteers perform tasks for which Columbia would ordinarily be obliged to assign to a wage-earning employee:

(a) **Columbia Hospital**, 2201 45th Street, West Palm Beach, Florida. Volunteers act as messengers or escort people who have arrived in the lobby and need assistance in finding their way around the hospital;

(b) **St. Lucie Medical Center Auxiliary.** The February 1999 newsletter for this hospital gave a breakdown of the

9

volunteer service hours for the month of December 1998, as follows:

```
        Administrative Support      170
        Arts & Crafts               101
        Board of Directors          460
        Emergency Room              536
        ER Patient Relations        141
        Floor Service               394
        Gift Shop                   455
        Health Service Center       157
        Information Desk            961
        Lab/Pharmacy                 27
        Mailroom                    201
        Outpatient Registration     464
        Outreach                     12
        Physical Therapy             58
        Radiology                    71
        Volunteers                  265
        Courtesy Trolley            385
        Health Watch                 40

Total Number of Volunteer Hours
 in December                                        4,898
Total Hours Brought Forward                        54,981
Total Hours for 1998                               59,879
Total Hours worked for 1997                        67,770
```

    (c) **Lawnwood Regional Medical Center,** 1700 South 23rd Street, Fort Pierce, Florida. Hospital volunteers may work in the following areas, as a hospital handbook made clear: Book Mobile, Discharge, Emergency Department, Family Waiting Room, Gift Shop, ICU, Information Desk, Mail/Flowers, Materials Management, Messenger, Outpatient/Admission, Patient Floors, Pediatrics, Skilled Nursing Unit, Tram Service.

    (d) **Auxiliary at Raulerson Hospital,** 1769 Highway 441 North, Okeechobee, Florida. Volunteers at this hospital typically delivered mail, assisted patients being admitted or discharged, and provided information to visitors.

    (e) **JFK Medical Center,** 5301 South Congress Avenue,

Atlantis, Florida

(f) **Palms West Hospital**, 13001 Southern Boulevard, Loxahatchee, Florida.

27. Eltman and other collective action members who have performed volunteer services at Columbia-owned hospitals do not come within any exception to the FLSA and accordingly are owed compensation by defendant Columbia.

28. As the owner, operator and manager of its for-profit hospitals in Florida and numerous other states, Columbia enforces its policy of using volunteer labor to perform routine manual labor that would otherwise require the employment of wage-earning workers.

### Count One - Violation of the FLSA

29. Plaintiff repeats and realleges all of the foregoing paragraphs as though fully set forth herein.

30. Defendant Columbia violated 29 U.S.C. § 206(a) by failing to pay plaintiff and other members of the collective action the applicable minimum wage for every compensable hour of labor they performed.

31. Defendant Columbia's failure to pay plaintiff and other collective action members the federally mandated hourly minimum wage (and any applicable overtime wages at the federally mandated overtime wage rate pursuant to 29 U.S.C. § 207(a)) was a willful violation of the FLSA.

32. As a consequence of Columbia's violation of the FLSA, plaintiff and others similarly situated are entitled to

recover their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

### **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff, on his own behalf, and on behalf of other similarly situated individuals, prays for judgment as follows:

A.   Permitting this case to proceed as a collective action, ordering defendant Columbia to disclose the names and addresses of all those individuals who are similarly situated, and permitting plaintiff to send notice of this action to all those similarly situated individuals;

B.   Granting compensatory damages for all injuries suffered as a result of defendants' unlawful conduct, including the payment of minimum wages (including overtime wages) for all volunteer work performed by plaintiff and others similarly situated, including pre-judgment and post-judgment interest, and liquidated damages for willfully failing to pay wages;

C.   Declaring that defendant's employment of volunteers at its hospitals violates the FLSA and declaring that such volunteers must be compensated in conformity with that statute;

D.   Awarding plaintiff the costs and disbursements of this action, including his attorneys' fees; and

E.   Granting plaintiff such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED:   January 26, 2000

>                              **MILBERG WEISS BERSHAD**
>                              **HYNES & LERACH LLP**
>
>                              By: _____
>                                  Kenneth J. Vianale
>                                  (Fla. Bar No. 169668)
>                                  kjv@mwbhlny.com
>                                  Jack Reise
>                                  (Fla. Bar No. 058149)
>                                  jr@mwbhlny.com
>
>                              5355 Town Center Road
>                              Suite 900
>                              Boca Raton, FL  33486
>                              Tel:  (561) 361-5000
>                              Fax:  (561) 367-8400
>
>                                      -and-
>
>                              Melvyn I. Weiss
>                              One Pennsylvania Plaza
>                              New York, New York 10119
>                              Tel.: (212) 594-5300
>                              Fax:  (212) 868-1229
>
>                              **Attorneys for Plaintiff**

CONSENT OF PLAINTIFF TO BECOMING A PARTY (29 U.S.C. § 216(b))

I, Alexander Eltman, declare as follows:

1. I have read the complaint in this action and have approved its filing.

2. I hereby consent to becoming a party to this action.

Dated: January 25, 2000

_____
Alexander Eltman

Exhibit "A"

v. 12/96)

# CIVIL COVER SHEET

**00-6124**

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required aw, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use e Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| ) PLAINTIFFS | DEFENDANTS |
|---|---|
| LEXANDER ELTMAN, on behalf of himself and all thers similarly situated, | COLUMBIA/HCA HEALTHCARE CORPORATION **CIV-ZLOCH** |
| ) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Queens County, NY (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) MILBERG WEISS BERSHAD HYNES & LERACH LLP 5355 Town Center Road, Boca Raton, Fl 33486 (561) 361-5000 | ATTORNEYS (IF KNOWN) **MAGISTRATE JUDGE SELTZER** |

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates, etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 340 Marine / ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | B☐ 690 Other | **A LABOR / B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability |  | ☒ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations / ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability |  |  |  | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act / ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act / ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** |  / ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation / **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty |  / A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act / A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| 290 All Other Real Property |  | B☐ 550 Civil Rights |  |  |
|  |  | B☐ 555 Prison Condition |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. § 201; 29 U.S.C. § 216(b); 29 U.S.C. § 207(a)

LENGTH OF TRIAL ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: January 26, 2000   SIGNATURE OF ATTORNEY OF RECORD: /s/ Kenneth J. Vianale

FOR OFFICE USE ONLY
RECEIPT # 58411   AMOUNT $150.00   APPLYING IFP ___   JUDGE 01-26-00   MAG. JUDGE ___