UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.00-6124-CIV-ZLOCH/SELTZER

ALEXANDER ELTMAN, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.

COLUMBIA/HCA HEALTHCARE
CORPORATION, INC.,

      Defendant.

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant[1] hereby moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (6) and (7) for failure to state a claim upon which relief can be granted, failure to join an indispensable party, and lack of subject matter jurisdiction, and in support hereof states:

1. Plaintiff claims that **anyone** who "volunteers" for **any organization other than a public agency**, whether for-profit or not-for-profit organizations, is an "employee" of that organization for purposes of the Fair Labor Standards Act ("FLSA"), even though the volunteers have no expectation of compensation. As an "employee," the Plaintiff contends, such volunteers must be paid the minimum wage for all hours worked in a workweek with overtime premium for

---

[1] Columbia/HCA Healthcare Corporation, Inc., a holding company, does not own or operate University Hospital and Medical Center (University Hospital and Medical Center is owned by University Hospital Ltd., which is an affiliate of Columbia/HCA Healthcare Corporation, Inc.). In short, Plaintiff has sued the wrong entity and has failed to join the real party in interest herein, University Hospital, where Plaintiff volunteered and which is an indispensable party to this action. However, Columbia/HCA Healthcare Corporation, Inc. specially appears to demonstrate that the Court does not have to rule on this issue because Plaintiff's Complaint, on its face, fails to state a claim upon which relief can be granted for other reasons that are dispositive and fatal to the continuation of this suit.

hours worked in excess of 40 in a week (Complaint ¶¶ 30 & 31). However, Plaintiff has no claim for relief and there is no subject matter jurisdiction in that:

    a.    Plaintiff alleges that he "volunteered to perform labor" at University Hospital and Medical Center (Complaint ¶ 19) which is supposedly a Columbia-owned hospital (Complaint ¶ 19).

    b.    Plaintiff alleges that he worked "every Wednesday for approximately 4 hours" (Complaint ¶ 21) for about 3 months (Complaint ¶¶ 19 & 21).

    c.    Plaintiff alleges that his "sole purpose was to provide aid and comfort to sick and recovering patients" (Complaint ¶ 19).

    d.    The United States Supreme Court, Eleventh Circuit, and other courts have held an individual who, for his or her own personal purposes and with no expectation of compensation, volunteers and works in activities carried on by other persons either for their pleasure **or profit** is outside the sweep of the FLSA. Plaintiff's entire premise (that volunteers are FLSA "employees" if they do not serve public agencies but rather serve non-profit religious, charitable, or eleemosynary organizations, or serve for-profit organizations) is not supported by the statute or case law and fails to state a claim upon which relief can be granted.

    e.    Plaintiff's Complaint must be dismissed with prejudice because he cannot allege nor can he prove that he or any hospital volunteers were employees under the applicable economic reality test. There is absolutely no allegation anywhere in Plaintiff's Complaint that he or any other volunteer of the Hospital or of any other entity had any expectation of compensation or that they were otherwise economically dependent on any

organization mentioned in the Complaint. Moreover, Plaintiff's Complaint must be dismissed with prejudice for failure to state a claim for relief because the Complaint expressly shows that Plaintiff was not an employee covered by the FLSA. Accordingly, there is also no subject matter jurisdiction over his claim.

2. Plaintiff brings no claim against University Hospital and Medical Center which would be an indispensable party if Plaintiff stated a claim upon which relief could be granted, which he has not. Assuming for purposes of the motion that University Hospital and Medical Center is a Columbia-owned hospital, as alleged, it remains improper to direct the allegations here against Columbia. The "Substantive Allegations" of the Complaint show that University Hospital was the primary participant in Plaintiff's volunteer arrangement and, thus, the real party in interest and an indispensable party.

3. Because the Complaint fails to state a claim upon which relief can be granted and, alternatively, because of the individualized factual inquiries that would be involved in the collective action claim, the claim for a collective action and for class treatment is improper and unmanageable. Here, the Complaint lists seven (7) hospitals, mentions as many as 300 unnamed hospitals throughout the United States, and alleges that "thousands" of "similarly situated persons" will join this case (Complaint ¶5). The compensation expectations, personal purposes and economic dependencies, and varied volunteer arrangements and services of each and every class member and hospital would be raised. Thus, despite the purely conclusory allegations in the Complaint, the claims are not common or typical, but rather break down into individualized determinations, and there is clearly no manageable class alleged. Accordingly, the Complaint also fails to state a claim for a collective action.

3

WHEREFORE, Defendant Columbia/HCA Healthcare Corporation, appearing specially, moves this Court to dismiss the Complaint and in the absence of the necessary elements of a claim for relief, including an expectation of compensation and dependency on the Hospital, to dismiss the class claims in their entirety with prejudice.

Respectfully submitted,

FORD & HARRISON LLP

By: *[signature]*

Edmund J. McKenna
Florida Bar No. 0845922
Dawn Siler-Nixon
Florida Bar No. 0993360

For the firm

101 E. Kennedy Boulevard
Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

OF COUNSEL:

FORD & HARRISON LLP
516 Ingraham Building
25 S.E. Second Ave.
Miami, Florida 33131
Telephone: (305) 379-3811
Facsimile: (305) 358-5933

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. First Class Mail upon:

> Mr. Kenneth J. Vianale
> Mr. Jack Reise
> Milberg Weiss Bershad Hynes & Lerach LLP
> 5355 Town Center Road, Suite 900
> Boca Raton, Florida 33486
>
> Melvyn I. Weiss
> One Pennsylvania Plaza
> New York, New York 10119

on this 6th day of March, 2000.

_____
Attorney

120233.1