UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 00-6124-CIV-ZLOCH/SELTZER

ALEXANDER ELTMAN, on behalf of :
himself and all others similarly situated, :
:
          Plaintiff, :
:
v. :
:
COLUMBIA/HCA HEALTHCARE :
CORPORATION, INC., :
:
          Defendant. :
_____:



## UNOPPOSED MOTION OF DEFENDANT COLUMBIA/HCA HEALTHCARE CORPORATION, INC. FOR A STAY OF THE LOCAL RULE 16.1.B SCHEDULING REPORT AND MEMORANDUM IN SUPPORT

Defendant Columbia/HCA Healthcare Corporation, Inc. moves the Court for an stay of the Southern District Local Rule 16.1.B Scheduling Report for the reasons that Plaintiff has requested an extension of time until April 14, 2000, to respond to Defendant's Motion to Dismiss. This date is after the due date for the Scheduling Report and the Motion to Dismiss raises jurisdictional and other potentially dispositive grounds which should be ruled upon before the Court and the parties expend time and money on this alleged class action case.

The grounds for this Motion are more fully set forth in the attached memorandum of law.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1.3

The undersigned has consulted with opposing counsel, Jack Riese, who has stated he has no objection to the Court granting the relief requested herein.



## MEMORANDUM OF LAW

On January 26, 2000, Plaintiff filed this suit. Plaintiff is a single individual who volunteered four (4) hours per week for a few months at University Hospital and Medical Center ("University Hospital" or "Hospital"). Plaintiff seeks to represent "**all**" people who "worked as hospital volunteers" at any "Columbia-owned Hospitals,"[1] allegedly numbering over 300, anywhere in the United States (Complaint ¶7), in a collective action for wages under the Fair Labor Standards Act ("FLSA"). On March 7, 2000, Defendant filed a timely Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6) and (7) for: (a) failure to state a claim upon which relief can be granted, (b) failure to join an indispensable party, and (c) lack of subject matter jurisdiction.

Specifically the Motion demonstrates that:

> 1.  Plaintiff claims that **anyone** who "volunteers" for **any organization other than a public agency**, whether for-profit or not-for-profit organizations, is an "employee" of that organization for purposes of the Fair Labor Standards Act ("FLSA"), even though the volunteers have no expectation of compensation. As an "employee," the Plaintiff contends, such volunteers must be paid the minimum wage for all hours worked in a workweek with overtime premium for hours worked in excess of 40 in a week (Complaint ¶¶ 30 & 31). However, Plaintiff has no claim for relief and there is no subject matter jurisdiction in that:

---

[1] Columbia/HCA Healthcare Corporation, Inc., a holding company, does not own or operate University Hospital and Medical Center (University Hospital and Medical Center is owned by University Hospital Ltd., which is an affiliate of Columbia/HCA Healthcare Corporation, Inc.). In short, Plaintiff has sued the wrong entity and has failed to join the real party in interest herein, University Hospital, where Plaintiff volunteered and which is an indispensable party to this action. However, Columbia/HCA Healthcare Corporation, Inc. has specially appeared to demonstrate that the Court does not have to rule on this issue because Plaintiff's Complaint, on its face, fails to state a claim upon which relief can be granted for other reasons that are dispositive and fatal to the continuation of this suit. Now, Columbia/HCA Healthcare Corporation, Inc. simply seeks to avoid expensive, unnecessary and inappropriate discovery.

 a. Plaintiff alleges and admits that he "volunteered to perform labor" at University Hospital and Medical Center (Complaint ¶ 19) which is supposedly a Columbia-owned hospital (Complaint ¶ 19).

 b. Plaintiff alleges that he worked "every Wednesday for approximately 4 hours" (Complaint ¶ 21) for about 3 months thereby demonstrating he was not "economically dependent" on the Hospital (Complaint ¶¶ 19 & 21).

 c. Plaintiff alleges and admits that his "sole purpose was to provide aid and comfort to sick and recovering patients" thereby demonstrating that his activities during his brief time at University Hospital were solely for his own purposes and that he had no "expectation of compensation" (Complaint ¶ 19).

 d. The United States Supreme Court, Eleventh Circuit, and other courts have held an individual who, for his or her own personal purposes and with no expectation of compensation, volunteers and works in activities carried on by other persons either for their pleasure **or profit** is outside the sweep of the FLSA. Plaintiff's entire premise (that volunteers are FLSA "employees" if they do not serve public agencies but rather serve non-profit religious, charitable, or eleemosynary organizations, or serve for-profit organizations) is not supported by the statute or case law and fails to state a claim upon which relief can be granted.

 e. Plaintiff's Complaint must be dismissed with prejudice because he cannot allege nor can he prove that he or any hospital volunteers were employees under the applicable economic reality test. There is absolutely no allegation anywhere in Plaintiff's Complaint that he or any other volunteer of the Hospital or of any other entity had any expectation of compensation or that they were otherwise economically dependent on any organization mentioned in the Complaint at the time they engaged in their volunteer activities. Moreover, Plaintiff's Complaint must be dismissed with prejudice for failure to state a claim for relief because the Complaint expressly shows that Plaintiff was not an employee covered by the FLSA. Accordingly, there is also no subject matter jurisdiction over his claim.

2. Plaintiff brings no claim against University Hospital and Medical Center which would be an indispensable party if Plaintiff stated a claim upon which relief could be granted, which he has not. Even assuming for purposes of the motion that University Hospital and Medical Center is a Columbia-owned hospital, as alleged, it remains improper to direct the allegations here against Columbia. The "Substantive Allegations" of the Complaint show that University Hospital was the

primary participant in Plaintiff's volunteer arrangement and, thus, the real party in interest and an indispensable party.

3. Because the Complaint fails to state a claim upon which relief can be granted and, alternatively, because of the individualized factual inquiries that would be involved in the collective action claim, the claim for a collective action and for class treatment is improper and unmanageable. Here, the Complaint lists seven (7) hospitals, mentions as many as 300 unnamed hospitals throughout the United States, and alleges that "thousands" of "similarly situated persons" will join this case (Complaint ¶5). The compensation expectations, personal purposes and economic dependencies, and varied volunteer arrangements and services of each and every class member and hospital would be raised. Thus, despite the purely conclusory allegations in the Complaint, the claims are not common or typical, but rather break down into individualized determinations, and there is clearly no manageable class alleged. Accordingly, the Complaint also fails to state a claim for a collective action.[2]

On or about March 17, 2000, Plaintiff's counsel requested, and defense counsel agreed, an extension of time in which to respond to the Motion through and until April 14, 2000. This date would be after the Scheduling Meeting and The Report of the Parties Scheduling Meeting was due pursuant to S.D. L.R. 16.1.B. Defendant seeks a stay of the Scheduling Report such time as the Court has the opportunity to rule on the Motion to Dismiss.

The reason that a stay pending the Motion to Dismiss would be beneficial to the Court and parties was explained by the Eleventh Circuit in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997):

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope

---

[2] A complete copy of the Memorandum in Support of the Motion to Dismiss is attached.

> of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.
>
> In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim. Thus, when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible. The court's duty in this regard becomes all the more imperative when the contested claim is especially dubious.

The Eleventh Circuit also recognized the dilemma for the district court caused by heavy caseloads and the imposition of strict scheduling deadlines on the district court and stated:

> Moreover, the ruling must be meaningful. It is not enough simply to deny a motion to dismiss a claim with little or no comment and then revisit the defendant's legal contentions when the defendant files a motion for summary judgment after discovery has concluded. We realize that the Civil Justice Reform Act has led to strict case management deadlines, making it difficult for district courts to take the time to consider pretrial motions closely. *See* 28 U.S.C. § 471 (1994) (requiring district courts to implement plans intended in part to "ensure just, speedy, and inexpensive resolutions of civil disputes"). Nonetheless, district courts simply must not allow the most critical pretrial motions to be carried with the case until the final pretrial conference unless to do so is absolutely necessary.

*Id.* at fn. 38.

Rule 26(c) of the Federal Rules of Civil Procedure, provides in relevant part, that

> upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending . . . . may make any order which justice requires to protect a party or person from . . . . undue burden or expense, including . . .

>. that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

Rule 26(c), like each of the Federal Rules of Civil Procedure, is to "be construed to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. This Rule implements the inherent power of the courts "to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177(1979). The Supreme Court in *Herbert* recognized the "mushrooming litigation costs, much of it due to pretrial discovery. . . ." *Id.* at 176. "There have been repeated expressions of concern about undue and uncontrolled discovery, and voices from [the Supreme] Court have joined the chorus." *Id.* at 176. Here, Plaintiff's Complaint raises issues as to over three hundred (300) hospitals. All in a case where **one** Plaintiff admits he "volunteered" his services and now believes University Hospital should have paid him for those volunteer activities.

This Court "has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Because "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." *O'Brien v. Avco Corp.*, 309 F. Supp. 703, 705 (S.D. N.Y. 1970).

WHEREFORE, Defendant Columbia/HCA Healthcare Corporation, appearing specially, moves this Court to stay all discovery in this case until the Court rules on the Motion to Dismiss.

Respectfully submitted,

FORD & HARRISON LLP

By: _____
Edmund J. McKenna
Florida Bar No. 0845922
Dawn Siler-Nixon
Florida Bar No. 0993360

For the firm

    101 East Kennedy Boulevard
    Suite 900
    Tampa, Florida 33602
    Telephone: (813) 261-7800
    Facsimile: (813) 261-7899

OF COUNSEL:

FORD & HARRISON LLP
516 Ingraham Building
25 Southeast Second Avenue
Miami, Florida 33131
Telephone: (305) 379-3811
Facsimile: (305) 358-5933

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. First Class Mail upon:

>Mr. Kenneth J. Vianale
>Mr. Jack Reise
>Milberg Weiss Bershad Hynes & Lerach LLP
>5355 Town Center Road, Suite 900
>Boca Raton, Florida  33486
>
>Mr. Melvyn I. Weiss
>One Pennsylvania Plaza
>New York, New York  10119

on this 29 day of March, 2000.

_____
Attorney

/tlm
120964.1