UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.00-6124-CIV-ZLOCH/SELTZER

ALEXANDER ELTMAN, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

COLUMBIA/HCA HEALTHCARE
CORPORATION, INC.,

    Defendant.



## NOTICE OF SUPPLEMENTAL AUTHORITY OF DEFENDANT COLUMBIA/HCA HEALTHCARE CORPORATION, INC. IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Columbia/HCA Healthcare Corporation, Inc. hereby submits notice of its intent to rely upon the recent case of *Christensen v. Harris County*, 2000 U.S. LEXIS 3003 (U.S. May 1, 2000), for the proposition that the Department of Labor Opinion Letter cited by Plaintiff is entitled to no deference in this case. In *Christensen*, the United States Supreme Court discussed opinion letters and held that:

> [P]etitioners and the United States contend that we should defer to the Department of Labor's opinion letter. . . . Specifically, they argue that the agency opinion letter is entitled to deference under our decision in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984). In *Chevron*, we held that a court must give effect to an agency's regulation containing a reasonable interpretation of an ambiguous statute. *Id.* at 842-844.
>
> Here, however, **we confront an interpretation contained in an opinion letter**, not one arrived at after, for example, a formal

adjudication or notice-and-comment rulemaking. **Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant *Chevron*-style deference.** *See, e.g., Reno v. Koray*, 515 U.S. 50, 61, 132 L. Ed. 2d 46, 115 S. Ct. 2021 (1995) (internal agency guideline, which is not "subject to the rigors of the Administrative Procedure Act, including public notice and comment," entitled only to "some deference" (internal quotation marks omitted)); *EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 256-258, 113 L. Ed. 2d 274, 111 S. Ct. 1227 (1991) (interpretative guidelines do not receive *Chevron* deference); *Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 157, 111 S. Ct. 1171, 113 L. Ed. 2d 117 (1991) (interpretative rules and enforcement guidelines are "not entitled to the same deference as norms that derive from the exercise of the Secretary's delegated lawmaking powers"). *See generally* 1 K. Davis & R. Pierce, *Administrative Law Treatise* § 3.5 (3d ed. 1994). **Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in** *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 89 L. Ed. 124, 65 S. Ct. 161 (1944), **but only to the extent that those interpretations have the "power to persuade,"** *ibid*. *See Arabian American Oil Co.*, 499 U.S. at 256-258. **As explained above, we find unpersuasive the agency's interpretation of the statute at issue in this case.**

Id. at * 19 (internal citation in original; emphasis added).

WHEREFORE, based on the foregoing decision of the United States Supreme Court and the other authority cited in the Memorandum in Support of the Motion to Dismiss of Columbia/HCA Healthcare Corporation, Inc., Defendant, specially appearing, prays this case be dismissed with prejudice.

2

Respectfully submitted,

FORD & HARRISON LLP

By: _____
Edmund J. McKenna
Florida Bar No. 0845922
Dawn Siler-Nixon
Florida Bar No. 0993360

For the firm

101 East Kennedy Boulevard
Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

OF COUNSEL:

FORD & HARRISON LLP
516 Ingraham Building
25 Southeast Second Avenue
Miami, Florida 33131
Telephone: (305) 379-3811
Facsimile: (305) 358-5933

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. First Class Mail upon:

> Mr. Kenneth J. Vianale
> Mr. Jack Reise
> Milberg Weiss Bershad Hynes & Lerach LLP
> 5355 Town Center Road, Suite 900
> Boca Raton, Florida 33486
>
> Mr. Melvyn I. Weiss
> One Pennsylvania Plaza
> New York, New York  10119

on this 3rd day of May, 2000.

_____
Attorney

/tlm
122602.1