UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6124-CIV-ZLOCH

ALEXANDER ELTMAN, on behalf of
himself and all others similarly
situated,

    Plaintiff,

vs.                              **FINAL ORDER OF DISMISSAL**

COLUMBIA/HCA HEALTHCARE
CORPORATION, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court upon the Defendant, Columbia/HCA Healthcare Corporation, Inc.'s Motion To Dismiss Complaint (DE 4). The Court has carefully reviewed the merits of said Motion and is otherwise fully advised in the premises.

    The Plaintiff, Alexander Eltman, on behalf of himself and all others similarly situated, commenced the above-styled cause by filing a Complaint (DE 1) alleging that the Defendant, Columbia/HCA Healthcare Corporation, Inc.,[1] violated the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq. Specifically, the Plaintiff alleges that he volunteered to provide aid and comfort to sick and recovering patients at the University Hospital and Medical Center, and that the Defendant failed to pay him and

---

[1] The named Defendant, Columbia/HCA Healthcare Corporation, notes that it does not own or operate University Hospital and Medical Center where the Plaintiff volunteered, but has not moved pursuant to Fed.R.Civ.P. 17 or 19. The Defendant asserts that the Court need not address the real party in interest and indispensable party issues because the Plaintiff's Complaint, on its face, fails to state a claim upon which relief can be granted for other reasons.



other similarly situated volunteers the federally mandated minimum wage and any applicable overtime wages.

MOTION TO DISMISS

The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal Federal Rules of Pleading. A classic formulation of the test often applied to determine the sufficiency of the Complaint was set out by the United States Supreme Court in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), wherein the Court stated:

> . . . In appraising the sufficiency of the Complaint we follow . . . the accepted rule that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The Court adds that a Complaint may not be dismissed because the plaintiff's claim does not support the legal theory he relies on since the Court must determine if the allegations provide relief on any possible theory. See, Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967).

FAIR LABOR STANDARDS ACT

For employment to be covered under the FLSA, two conditions must be satisfied. First, the subject business must constitute an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s). Second, the individuals must be "employees" within the meaning of the FLSA. As to the first

2

condition, there is no dispute that the Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

As to the second condition, the Court notes that the Plaintiff has the burden of establishing that an employer-employee relationship exists. The FLSA, however, provides little guidance as to what constitutes an employer-employee relationship or employment sufficient to trigger the compensation provisions. To determine whether an individual is an "employee," the Court will begin with the language of the FLSA. The FLSA provides in part:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at . . . not less than $5.15 an hour beginning September 1, 1997.

29 U.S.C. § 206(a)(1). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." § 203(d). The term "employee" means "any individual employed by an employer" and "employ" includes "to suffer or permit to work." § 203(e)(1) and (g).

While the definition of an "employee" under the FLSA is very broad, the scope of that term is not limitless. Walling v. Portland Terminal Co., 330 U.S. 148 (1947). The definition of "employ" was "not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another," nor should the term be interpreted so as to "sweep under the Act each person who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by

3

other persons either for their pleasure or profit." Id.; see also Tony & Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 295 (1985). In short, the test for determining employment under the FLSA is one of "economic reality," namely, whether an individual has an expectation of compensation or whether the individual is economically dependent upon the employer. Tony & Susan Alamo Foundation, 471 U.S. at 301; Patel v. Wargo, 803 F.2d 632, 636 (11th Cir. 1986).

Here, the Plaintiff's Complaint fails to allege that he had either an express or implied agreement for compensation with the Defendant. Indeed, the Plaintiff's Complaint fails to allege that he or any other volunteer of the Defendant or of any other entity had any expectation of compensation or that they were economically dependant upon the Defendant. Rather, the Plaintiff's Complaint alleges that he "volunteered to perform labor" at the Columbia-owned University Hospital and Medical Center, that he worked "every Wednesday for approximately 4 hours," and that his "sole purpose was to provide aid and comfort to sick and recovering patients . . ." (Complaint at ¶¶19 and 21). The Plaintiff further alleges that "his volunteer work was directed to the performance of routine manual labor which, but for the service of [the Plaintiff] and numerous other hospital volunteers, [the Defendant] would have to pay wages" (Complaint at ¶23).

The Plaintiff's Complaint appears to be premised upon an erroneous interpretation of the FLSA that anyone who "volunteers" for any organization other than a public agency is an "employee" of

4

that organization for the purpose of the FLSA, even if the volunteer has no expectation of compensation. In the Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion To Dismiss (DE 12), however, the Plaintiff appears to have abandoned this erroneous public-private distinction and has asserted in its stead an activity-specific test for determining employee status under the FLSA. Specifically, the Plaintiff asserts that when volunteers perform "ordinary volunteerism," such as directly providing aid and comfort to sick patients, they are not covered by the FLSA. When volunteers perform work that would otherwise be performed by paid employees, however, the volunteers should be considered covered "employees." In short, the Plaintiff seeks for this Court to ignore the Supreme Court's economic realities test and, instead, engage in an activity by activity analysis to determine whether each activity that the Plaintiff performed for the Defendant involved the direct aid and comfort of patients.

In support of the Plaintiff's direct aid and comfort theory, the Plaintiff asserts that the Court should defer to a June 28, 1996 Department of Labor Opinion Letter entitled "Compensation For Volunteer/Hospital Gift Shop" (DE 12, attached Exh. A). The 1996 Opinion Letter addresses whether volunteers at a not-for-profit hospital who staff the hospital's gift shop would be considered employees subject to the FLSA. The 1996 Opinion Letter provides in part:

> With respect to individuals seeking to perform volunteer services in hospitals, the Department does not consider individuals who volunteer to minister directly to the comfort of the patients in a manner not otherwise

5

provided by the hospital to be employees under the FLSA . . . . The work in the gift shop, however, does not involve ministering directly to the comfort of the patients and is on occasion performed by paid employees of the hospital. Therefore, individuals working in the gift shop are employees under the FLSA subject to the requirements of the Act.

The Court notes that interpretations contained in opinion letters are not entitled to <u>Chevron</u>-style deference; namely, that a court give effect to an agency's regulation containing a reasonable interpretation of an ambiguous statute. <u>Christensen v. Harris County</u>, 120 S.Ct. 1655, 1662 (2000) (citing <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842-44 (1984) and <u>Reno v. Koray</u>, 515 U.S. 50, 61 (1995)). Rather, opinion letters are "`entitled to respect' . . . but only to the extent that those interpretations have the `power to persuade.'" <u>Id.</u> at 1663 (quoting <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134, 140 (1944)).

This Court finds the agency's interpretation of the FLSA unpersuasive. The Plaintiff's direct aid and comfort test, which finds support in the 1996 Opinion Letter, is contrary to judicial authority, lacks a statutory foundation, and has been implicitly rejected by the Supreme Court. See <u>Tony & Susan Alamo Foundation</u>, 471 U.S. at 302 n.25 (noting that the Department of Labor has recognized as volunteer services those individuals who minister to the comfort of the sick but nevertheless requiring dependency or an expectation of compensation to establish employment under FLSA). To establish an employee-employer relationship, the Plaintiff must show that he engaged in the subject activities with an expectation

6

of compensation or otherwise was dependant upon the Defendant. See id. at 302-03. Here, the Plaintiff's Complaint fails to allege facts sufficient to show that such a relationship existed. Based upon the foregoing, the Court finds that the Defendant is entitled to dismissal of the Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Defendant, Columbia/HCA Healthcare Corporation, Inc.'s Motion To Dismiss Complaint (DE 4) be and the same is hereby **GRANTED**;

2. The Plaintiff's Complaint (DE 1) be and the same is hereby **DISMISSED**; and

3. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of May, 2000.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Kenneth J. Vianale, Esq.
Melvyn Weis, Esq.
For Plaintiff

Edmund McKenna, Esq.
For Defendant

7